IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES WILSON,

    Plaintiff,

vs.                                                                                                                     No. CIV 15-0884 JB/GJF

LAURA BARNES, Case Manager,
CATHY CATANACH, Records Bureau Chief,
LIA ARCHULETA, Offender Management
Services Staff, STEVEN FLORES, Unit
Manager, MAXINE MONTOYA, Case Worker,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915(e)(2) and under rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Prisoner Civil Rights Complaint, filed October 2, 2015 (Doc. 1)("Civil Rights Complaint"); (ii) the Supplemental Complaint, filed October 5, 2015 (Doc. 5)("First Supplemental Complaint"); (iii) the Supplemental Complaint, filed October 16, 2015 (Doc. 7)("Second Supplemental Complaint");[1] and (iv) the Plaintiff's Motion to Request Default Judgment, filed February 29, 2016 (Doc. 16)("Motion for Default Judgment"). Plaintiff James Wilson is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, the Court will deny Wilson's Motion for Default Judgment, dismiss Wilson's Amended Supplemented Civil Rights Complaint,[2] and enter final

---

[1] As described in this Memorandum Opinion and Order's Analysis Section, because Wilson's Second Supplemental Complaint seeks to raise constitutional claims based on an occurrence or event that occurred after he filed his Civil Rights Complaint on October 2, 2015, the Court will liberally construe it as a Motion to Supplement the Complaint under rule 15(d).

[2] As described in this Memorandum Opinion and Order's Analysis Section, because Wilson's First Supplemental Complaint and Second Supplemental Complaint seek to add, rather

judgment.

The Civil Rights Complaint alleges that Defendants Laura Barnes, Cathy Catanach, and Lia Archuleta deprived Wilson of twenty-two days of earned good-time credits for the time served on his sentence from November 21, 2011 through July 19, 2012, in violation of his right to due process of law under the Fourteenth Amendment of the Constitution of the United States of America, and his right to be free from cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States.  See Civil Rights Complaint at 4.  In his prayer for relief, Plaintiff requests a declaratory judgment, injunctive relief compelling the reinstatement of his earned good-time credits, compensatory damages, and punitive damages.  See Civil Rights Complaint at 7-8.

On October 5, 2015, Wilson filed the First Supplemental Complaint against Defendant Steven Flores, the Unit Manager at Southern New Mexico Correctional Facility ("SNMCF"), and Defendant Maxine Montoya, his case worker at SNMCF.  See First Supplemental Complaint at 5.  In his First Supplemental Complaint, Wilson alleges that he was transferred to SNMCF on September 25, 2015, where Flores and Montoya also refused to grant him his earned good-time credits for time served on his sentence from November 21, 2011, through July 19, 2012, in violation of his right to due process of law under the Fourteenth Amendment of the Constitution, his right to be free from cruel and unusual punishment under the Eighth Amendment, and his right to be free from double jeopardy.  See First Supplemental Complaint.  Wilson's First

---

than replace, the claims raised in his Civil Rights Complaint, the Court will construe the three documents collectively as the operative pleading and will refer to them as the "Amended Supplemented Civil Rights Complaint."

Supplemental Complaint seeks a declaratory judgment, injunctive relief compelling the reinstatement of his good-time credits, compensatory damages, and punitive damages. See First Supplemental Complaint at 3-4.

On October 16, 2015, Wilson filed a Second Supplemental Complaint, alleging that he had been transferred from SNMCF to Eastern New Mexico Detention Facility and that his new caseworker, Defendant Vigil,[3] also refuses to grant him his earned good-time credits for the time served on his sentence from November 21, 2011, through July 19, 2012, in violation of his right of due process of law under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment. See Second Supplemental Complaint ¶¶ 12-14, at 2. Wilson's Second Supplemental Complaint requests a declaratory judgment, injunctive relief compelling the reinstatement of his good-time credits, compensatory damages, and punitive damages. See Second Supplemental Complaint ¶ 15, at 3.

On February 29, 2016, Wilson filed the Motion for Default Judgment, requesting the entry of a default judgment in his favor, because "it has been in excess of (120) one hundred twenty days with no response" from the Defendants. Motion for Default Judgment at 1.

## I. THE COURT WILL DENY WILSON'S MOTION FOR DEFAULT JUDGMENT.

A court cannot enter a default judgment against a defendant unless service of process has been effected or the defendant waives service of process.

---

[3]The Court has been unable to locate Defendant Vigil's first name in any of the documents contained on the docket for this case. As described below, the Plaintiff's Second Supplemental Complaint, which the Court construes as a Motion to Supplement the Complaint Pursuant to rule 15(d) of the Federal Rules of Civil Procedure, is granted, and Vigil will be added to the caption in all subsequent opinions and orders.

> A default judgment in a civil case is void if there is no personal jurisdiction over the defendant. . . . And service of process [under rule 4 of the Federal Rules of Civil Procedure] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts personal jurisdiction over the person of the party served.

Hukill v. Oklahoma Native Am. Domestic Violence Coal., 542 F.3d 794, 797 (10th Cir. 2008) (internal quotation marks and citations omitted).  See Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003)("[A]n entry of default judgment against [a defendant] before it had any obligation to file an answer, would [be] incorrect as a matter of law.").  Furthermore, the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), governs Wilson's Civil Rights Complaint.  The PLRA provides, in relevant part, as follows:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law.  Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  No relief shall be granted to the plaintiff unless a reply has been filed.

42 U.S.C. § 1997e(g)(1).  Thus, "defendants can waive their right to reply to a prisoner complaint without the usual consequence of being deemed to have admitted the allegations in the complaint." Jones v. Bock, 549 U.S. 199, 216 (2007).  Under § 1997e(g)(1)'s plain language, "[n]o relief shall be granted to the plaintiff unless an answer has been filed."  42 U.S.C. § 199e7(g)(1).  Because the Defendants have not yet been served with process, waived service of process, or filed a reply to Wilson's Civil Rights Complaint, the Court will deny Wilson's motion for default judgment.

**II.   THE COURT WILL CONSTRUE WILSON'S FIRST SUPPLEMENTAL COMPLAINT AS AN AMENDED COMPLAINT, AND TREAT HIS SECOND SUPPLEMENTAL COMPLAINT AS A MOTION TO SUPPLEMENT THE COMPLAINT, AND GRANT THE MOTION TO SUPPLEMENT THE COMPLAINT.**

Wilson has filed two Supplemental Complaints; he filed his First Supplemental Complaint on October 5, 2015, and he filed his Second Supplemental Complaint on October 16, 2015. Rule 15(a) of the Federal Rules of Civil Procedure governs amended complaints, and it provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it," or within twenty-one days after the service of a responsive pleading or motion under rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Rule 15(d), which governs supplemental pleadings, provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). "Such authorization should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." Walker v. United Parcel Serv., Inc., 240 F.3d at 1278 (internal quotation marks and citation omitted).

Wilson filed his Civil Rights Complaint on October 2, 2015. See Civil Rights Complaint at 1. Wilson filed his First Supplemental Complaint only three days later, on October 5, 2015,

- 5 -

and it raises claims based on conduct that occurred on or about September 29, 2015. See First Supplemental Complaint at 2 (alleging that, "[o]n September 29, 2015 Plaintiff was summoned to the office of Defendant Flores and was allowed to present the documentation to Defendant Flores and Defendant Montoya," and was informed that he would not receive his earned good-time credits). Because Wilson's First Supplemental Complaint is not predicated on a "transaction, occurrence, or event that happened after the date" of his Civil Rights Complaint, it is not a supplemental pleading under rule 15(d). As previously explained, however, Wilson's Civil Rights Complaint has not yet been served and, therefore, Wilson may "amend [his] pleading once as a matter of course." Fed. R. Civ. P. 15(a). Thus, the Court will liberally construe Wilson's First Supplemental Complaint as an amended complaint under rule 15(a).

Wilson's Second Supplemental Complaint is predicated on conduct that occurred on or about October 13, 2015. See Second Supplemental Complaint at 2 ("On October 13, 2015, Plaintiff Wilson asked Defendant Vigil if she was going to address this issue and Defendant Vigil replied 'your discharge date is your discharge date,' then refused to discuss the matter further."). Because Wilson's Second Supplemental Complaint seeks to raise constitutional claims based on an occurrence or event that occurred after he filed his Civil Rights Complaint on October 2, 2015, the Court will liberally construe it as a Motion to Supplement the Complaint under rule 15(d). The Civil Rights Complaint has not yet been served, an answer has not yet been filed, and Wilson filed his Motion to Supplement the Complaint promptly after Defendant Vigil denied Wilson's request for the reinstatement of his earned good-time credits. The Court therefore will grant Wilson's Second Supplemental Complaint, which the Court construes as a Motion to Supplement

the Complaint, and the Clerk of the Court will be directed to add Vigil to the caption as a Defendant. Because Wilson's First Supplemental Complaint -- which the Court construes as an amended complaint -- and Second Supplemental Complaint -- which the Court construes as a Motion to Supplement the Complaint -- seek to add to, rather than replace, the claims raised in his Civil Rights Complaint, the Court will construe the three documents collectively as the operative pleading and refer to them as the "Amended Supplemented Civil Rights Complaint."

### III.   THE COURT WILL DISMISS WILSON'S AMENDED SUPPLEMENTED CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE.

The court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing Wilson's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafted, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Wilson's request for injunctive relief to compel the reinstatement of his earned good-time credits is not cognizable in this § 1983 action. As the Supreme Court of the United States held in

...

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), "§ 1983 is [not] a permissible alternative to the traditional remedy of habeas corpus," and "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. at 500. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987)(holding that a petition for writ of habeas corpus under 28 U.S.C. § 2241 is "the appropriate remedy to use to restore . . . good time credits"). The Court therefore dismisses Wilson's request for injunctive relief for failure to state a claim on which relief may be granted without prejudice pursuant to § 1915(e)(2)(B)(ii).

The Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), held that, if a judgment in favor of a state prisoner "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. at 487. Heck v. Humphrey bars Wilson's request for a declaratory judgment and monetary damages. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court held that the Heck v. Humphrey doctrine bars a claim for damages and declaratory relief based on the alleged unlawful deprivation of good-time credits, because a judgment in favor of the plaintiff would "necessarily imply the invalidity of the deprivation of his good-time credits." Edwards v. Balisok, 520 U.S. at 646. Because a judgment in favor of Wilson necessarily would imply the invalidity of the deprivation of his earned good-time credits, Wilson's claim for damages and declaratory relief is not cognizable under § 1983. Accordingly, the Court will dismiss Wilson's § 1983 claims under §

1915(e)(2)(B)(ii), without prejudice for failure to state a claim.  See Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996)(holding that, "[w]hen a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice," because if the plaintiff "is later successful in overturning his conviction, he should be allowed to bring his § 1983 action at that time").

**IT IS ORDERED** that: (i) the Plaintiff's Motion to Request Default Judgment, filed February 29, 2016 (Doc. 16), is denied; (ii) the Plaintiff's Supplemental Complaint, filed October 16, 2015 (Doc. 7)("Second Supplemental Complaint"), which the Court construes as a Motion to Supplement the Complaint pursuant to rule 15(d) of the Federal Rules of Civil Procedure, is granted; and the Clerk of the Court is directed to add Defendant Vigil to the caption as a Defendant; and (iii) the Prisoner Civil Rights Complaint, filed October 2, 2015 (Doc. 1), Supplemental Complaint, filed October 5, 2015 (Doc. 5), and Supplemental Complaint, filed October 16, 2015 (Doc. 7), are dismissed without prejudice, any pending motions are denied as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

James Wilson
Santa Fe, New Mexico

    *Plaintiff pro se*